# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, DC

## UNITED STATES
### v.
## Christopher A. HALL
## Radarman Third Class, U.S. Coast Guard

## CGCMS 24139
## Docket No. 1093

## 21 January 1999

Special Court-Martial convened by Commander, Coast Guard Pacific Area. Tried at Honolulu, Hawaii, on 9-10 July 1997.

| | |
|---|---|
| Military Judge: | LCDR Bradley R. Mozée, USCG |
| Trial Counsel: | LTJG Derek A. D?Orazio, USCGR |
| Assistant Trial Counsel: | LCDR Steven M.Stancliff, USCG |
| Detailed Defense Counsel: | LT Robert T. Rhoad, JAGC, USNR |
| Appellate Defense Counsel: | LT Sandra K. Selman, USCGR |
| Appellate Government Counsel: | LT Susan Polizzotto, USCGR |

## BEFORE
## PANEL FIVE
## BAUM, WESTON, McCLELLAND
### Appellate Military Judges

PER CURIAM,

Appellant was tried by a special court-martial before a military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of the following offenses: seven specifications of making checks without sufficient funds, in violation of Article 123a Uniform Code of Military Justice (UCMJ); and three specifications in violation of Article 134, UCMJ, which included one specification of obtaining long distance telephone services of a value of $4,247.79 through false pretenses, one specification of obtaining cable pay-per-view broadcasts of a value of $300 through false pretenses, and one specification of dishonorably failing to pay a long distance telephone debt of $7,422.35. The judge sentenced appellant to a bad conduct discharge, reduction to pay grade E-1, and 100 days confinement. The convening authority approved the adjudged sentence, as permitted by the

terms of the pretrial agreement. Before this Court, Appellant has assigned three errors: (1) that Appellant was denied his last best opportunity for clemency when the convening authority relied upon a prejudicial staff judge advocate recommendation in taking action on Appellant s sentence; (2) that Appellant was denied the effective assistance of counsel during and after trial; and (3) that the application of Article 58b, UCMJ, to Appellant constituted an *Ex Post Facto* application of law. After considering the briefs and hearing oral argument on the first two assignments of error, we have concluded that the three assignments of error are without merit.

We have reviewed the record pursuant to Article 66, UCMJ, and have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence approved below are affirmed.

For the Court

//s//

Brian A. Johnson
Clerk of the Court